Sut.ltvan, J.
Ejectment. The facts of this case are as follo-ws: James Wynn, a native of England, emigrated to the United States in the year 1820, and on the 11th of October, 1820, in the Franklin Circuit Court in this State, declared his intention of becoming a citizen of the United States. In the report then made, he did not make registry of his wife and children. In the month of February, 1821, he purchased the premises named in the declaration, and died on the 23d of August, 1828, without taking the oath of allegiance. By his last will and testament, he devised to his daughter Isabella, horn in England, and then a member of his family, the land in controversy. After the death of her father, Isabella intermarried with Eldon, the appellant, by whom she had issue a son, William Eldon. On the 26th of September, 1830, she *died, and on the 20th of July, 1834, her son William also died. Eldon, the appellant, at the time of the death of his son William, was also an alien.
The lessors of the plaintiff are John Wynn, Joseph Wynn, *366 James Medd and Isabella Medd, who claim title to the demised premises as the heirs of Isabella Eldon. John Wynn and Joseph Wynn, the brothers of Isabella Eldon, were natives of England. John Wynn became a naturalized citizen of the United Slates on the 29th of September, 1830, and Joseph on the 13th of October, 1836. James Medd and Isabella Medd, born in the United States, are the children of Mary Medd, deceased, who was the sister of Isabella Eldon, and an alien.
The appellant and his wife Isabella wore, at the time of her death, in possession of the demised premises.
It also appears that on the 24th of February, 1840, the General Assembly passed a special act for the relief of John Wynn and others, which was a part of the evidence in the cause, and is as follows, viz.: “Be it enacted, &c., That the lands, tenements, and hereditaments, of which Isabella Eldon died seised, &c., shall descend to and vest in such of her heirs as were, by the laws of this State, capable of acquiring real estate by descent at the time of her death, in the same manner as though the said Isabella Eldon had been a citizen of the United States.” The Legislature subsequently passed ah act for the relief of Eldon, the appellant; but as the examination of that act is not necessary in settling the questions that arise in this case, we will not further notice it.
The Circuit Court, by consent of parties, tried the cause and gave judgment for the plaintiff; from which judgment Eldon has appealed to this Court.
The privilege of an alien to acquire, a perfect title to lands by purchase is, under certain restrictions, conferred by statute. Rev. Stat., 1838, p. 67. By virtue of that statute, James Wynn acquired title to the lands in controversy. If at the time he made his declaration, he had also made report and registry of his-wife and minor children, they, notwithstanding his death before naturalization, would have been entitled to all the rights and privileges of citizens, upon taking the oaths *prescribed by law. Act of Congress, March •26, 1804. This was not done, and Isabella Eldon was left- subject to all the disabilities of an alien. She was not in a *367 condition to acquire a good title to real estate by purchase, nor could she take by descent. Under this disability she died, leaving an only child, who has also deceased since the death of his mother.
The lessors of the plaintiff also laboured under the same disability at the time of her death. John and Joseph Wynn, her brothers, being aliens could not take by descent. James and Isabella Medd, though born in the United States, were incapable of inheriting, because they deduce their title through their mother, and from their aunt Isabella Eldon, neither of whom had inheritable blood.
The rule of the common law, that an alien can. not acquire a title ’to real property by descent, was in force in this State when this suit was commenced. And here we remark, that previously to the act of January 25th, 1842, we had no statute which, like the statute of 11 & 12 Will., 3, ch. 6, removed the disability from natural born subjects of claiming by descent from, through, or under an alien ancestor. If 'that statute could be made to apply to this case, the claim set up by James and Isabella Medd in this suit would be plausible, if not valid.
If the lessors of the appellee, therefore, have any good claim to the demised premises, it is by virtue of the act of February the 24th, 1840, above cited. A brief examination of that statute will show, that they can derive no benefit from it. The statutes provide, that the lands, &c., of which Isabella Eldon died seised, shall descend to and vest in such of her heirs as were, by the laws of this State, capable of acquiring real estate by descent at the time of her death, in the same manner as if she had been a citizen of the United States. Who were those heirs? Certainly not the lessors of the plaintiff below. Two of them, John and Joseph Wynn, were, at the time referred to in the statute, aliens, and being such, were, as-we have already shown, incapable of inheriting. The two remaining lessors, James and Isabella Medd, who claim by representation, were, at the time of the death of Isabella Eldon, incapable of acquiring title by descent from her because the title must come to them through their ^mother, who was incapable of *368 transmitting it. Nor can the statute be construed to apply to William Eldon, the son of Isabella Eldon, because he was not in esse at the date of its passage; and the Legislature could not vest the title, nor did they mean to vest it, in a person not in being. What was meant to be accomplished by the statute we will not undertake to decide. It is worthy of observation, however, that it does not remove the disability of alienage from any of the parties contemplated by it, except Isabella Eldon herself. It confers no title on the lessors of the plaintiff below, and it is clear they possess none without it.
G. Holland, for the appellant.
J. Rymari, for the appellee.
We have not looked into the statute for the benefit of Eldon, the appellant. In an action of ejectment, the plaintiff must recover on the strength of his own title, not on the weakness of his adversary’s.
Per Curiam.—The judgment is reversed at the costs of the lessors, &c. Cause remanded, &c,