Pins kins, J.
— It was incumbent on the plaint iff to show title in Ins lessors, to enable him to oust the defendant from possession. lie could show no title in them by descent, ns such a title must Iran been deduced through William Huddleston, and he, having been a foreigner who had taken no steps towards naturalization, could, at the time of his death, transmit none; Eldon v. Doe, 6 Blackf. 341 ; and it is not claimed that the act amending an act authorising aliens to hold real estate, &c., approved January 25th, 1842, (Acts of 1842. p. 70,) reaches this case, that act only enabling aliens, who should die after its passage, without having made any advance towards naturalization, to transmit an inheritable title. Upon the act of 1839, above copied, alone, is the title of the plaintiffs lessor rested. Taken literally, that act does not sustain it, because the act does not appear to apply to it. The act designates no particular county in which, and describes no particular piece of land on which it Is to operate. It specifies certain circumstances by a concurrence of which, in reference to any piece of land, we can identify that embraced by the act. Those circumstances are, that the land must be. in some county in this State, — it must hare belonged to the Stale by escheat, — and William, Thomas, and Robert Huddleston must have *206 died seized of it; not jointly, perhaps; a several and successive seizin, and dying seized, may have sufficed. And by seizin, in this act, we understand to be meant possession. No higher title could have been intended, as all beyond that is assumed by the act to have been, at the time, in the State. The facts of this case, therefore, do not bring it within the letter of the law. Not only is Thomas Huddleston not shown to have died in possession of this land, he is not even shown to have ever been upon it. It is not shown to be land, then, of which William, Thomas, and Robert Huddleston died in possession, and consequently was not vested by the express terms of the law of 1839 in the lessors of the plaintiff; and we do not think an equity is shown in their favor—a circumstance not un-entitled to consideration—that should induce us, as against Mrs. Lazenby, to resort to a strained construction of the act to extend its operation to this case.”
Judgment affirmed, &c„